NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SYLVIA R. EWALD (Cal. Bar No. 300267)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0717
     Facsimile: (213) 894-0141
     E-mail:    sylvia.ewald@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>YANNICK MAI,<br><br>　　　　Defendant. | CR No. 17-00423-AB-1<br><br>PLEA AGREEMENT FOR DEFENDANT YANNICK MAI |

1.    This constitutes the plea agreement between YANNICK MAI ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. YANNICK MAI, CR No. 17-00423-AB-1,

1  which charges defendant with possession with intent to distribute at

2  least 500 grams of a mixture and substance containing a detectable

3  amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

4  (b)(1)(A)(viii).

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7  in this agreement.

8          d.   Appear for all court appearances, surrender as ordered

9  for service of sentence, obey all conditions of any bond, and obey

10  any other ongoing court order in this matter.

11          e.   Not commit any crime; however, offenses that would be

12  excluded for sentencing purposes under United States Sentencing

13  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14  within the scope of this agreement.

15          f.   Be truthful at all times with Pretrial Services, the

16  United States Probation Office, and the Court.

17          g.   Pay the applicable special assessment at or before the

18  time of sentencing unless defendant lacks the ability to pay and

19  prior to sentencing submits a completed financial statement on a form

20  to be provided by the USAO.

21  THE USAO'S OBLIGATIONS

22     3.   The USAO agrees to:

23          a.   Not contest facts agreed to in this agreement.

24          b.   Abide by all agreements regarding sentencing contained

25  in this agreement.

26          c.   At the time of sentencing, provided that defendant

27  demonstrates an acceptance of responsibility for the offense up to

28  and including the time of sentencing, recommend a two-level reduction

2

1  in the applicable Sentencing Guidelines offense level, pursuant to

2  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

3  additional one-level reduction if available under that section.

4  <u>NATURE OF THE OFFENSE</u>

5      4.   Defendant understands that for defendant to be guilty of

6  the crime charged in count one, that is, possession with intent to

7  distribute methamphetamine, in violation of Title 21, United States

8  Code, Section 841(a)(1), (b)(1)(A)(viii), the following must be true:

9          a.   First, defendant knowingly possessed methamphetamine;

10  and

11          b.   Second, defendant possessed the methamphetamine with

12  the intent to distribute it to another person.

13      5.   Defendant understands that for defendant to be subject to

14  the statutory maximum and statutory minimum sentence set forth below,

15  the government must prove beyond a reasonable doubt that defendant

16  possessed at least 500 grams of a mixture or substance containing a

17  detectable amount of methamphetamine.  Defendant admits that

18  defendant, in fact, possessed at least 500 grams of a mixture or

19  substance containing a detectable amount of methamphetamine.

20  <u>PENALTIES</u>

21      6.   Defendant understands that the statutory maximum sentence

22  that the Court can impose for a violation of Title 21, United States

23  Code, Section 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a

24  lifetime period of supervised release; a fine of $10,000,000 or twice

25  the gross gain or gross loss resulting from the offense, whichever is

26  greatest; and a mandatory special assessment of $100.

27      7.   Defendant understands that, absent a determination by the

28  Court that defendant's case satisfies the criteria set forth in 18

U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory

minimum sentence that the Court must impose for a violation of Title

21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), is: ten

years' imprisonment, followed by a five-year period of supervised

release, and a mandatory special assessment of $100.

8.   Defendant understands that supervised release is a period

of time following imprisonment during which defendant will be subject

to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release.

9.   Defendant understands that, by pleading guilty, defendant

may be giving up valuable government benefits and valuable civic

rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.

Defendant understands that once the court accepts defendant's guilty

plea, it will be a federal felony for defendant to possess a firearm

or ammunition.  Defendant understands that the conviction in this

case may also subject defendant to various other collateral

consequences, including but not limited to revocation of probation,

parole, or supervised release in another case and suspension or

revocation of a professional license.  Defendant understands that

unanticipated collateral consequences will not serve as grounds to

withdraw defendant's guilty plea.

10.   Defendant understands that, if defendant is not a United

States citizen, the felony conviction in this case may subject

defendant to: removal, also known as deportation, which may, under

4

1  some circumstances, be mandatory; denial of citizenship; and denial

2  of admission to the United States in the future.  The court cannot,

3  and defendant's attorney also may not be able to, advise defendant

4  fully regarding the immigration consequences of the felony conviction

5  in this case.  Defendant understands that unexpected immigration

6  consequences will not serve as grounds to withdraw defendant's guilty

7  plea.

8      11.  Defendant understands that under 21 U.S.C. § 862a,

9  defendant will not be eligible for assistance under state programs

10 funded under the Social Security Act or Federal Food Stamp Act or for

11 federal food stamp program benefits, and that any such benefits or

12 assistance received by defendant's family members will be reduced to

13 reflect defendant's ineligibility.

14                          FACTUAL BASIS

15     12.  Defendant admits that defendant is, in fact, guilty of the

16 offense to which defendant is agreeing to plead guilty.  Defendant

17 and the USAO agree to the statement of facts provided below and agree

18 that this statement of facts is sufficient to support a plea of

19 guilty to the charge described in this agreement and to establish the

20 Sentencing Guidelines factors set forth in paragraph 14 below but is

21 not meant to be a complete recitation of all facts relevant to the

22 underlying criminal conduct or all facts known to either party that

23 relate to that conduct.

24     On June 10, 2017, in Los Angeles, California, within the Central

25 District of California, defendant knowingly possessed with intent to

26 distribute over 500 grams of a mixture or substance containing a

27 detectable amount of methamphetamine, a Schedule II controlled

28 substance.  Specifically, defendant entered Los Angeles International

1  Airport planning to board an Air France flight to Tahiti, carrying

2  methamphetamine on his person, which he intended to distribute to

3  another person.  Upon screening by the Transportation Security

4  Administration, defendant was found to be carrying methamphetamine in

5  his groin area.  Subsequent laboratory analysis of the substance

6  determined that, in total, defendant possessed approximately 1,382

7  grams of actual methamphetamine.  Defendant possessed this

8  methamphetamine for the purpose of transporting it to Tahiti where it

9  would be distributed to others.  Defendant knew that the substance he

10  possessed was methamphetamine, and admits that he possessed with

11  intent to distribute at least 500 grams of a mixture or substance

12  containing a detectable amount of methamphetamine, namely, a mixture

13  or substance containing approximately 1,382 grams of actual

14  methamphetamine.

15                          SENTENCING FACTORS

16      13.  Defendant understands that in determining defendant's

17  sentence the Court is required to calculate the applicable Sentencing

18  Guidelines range and to consider that range, possible departures

19  under the Sentencing Guidelines, and the other sentencing factors set

20  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

21  Sentencing Guidelines are advisory only, that defendant cannot have

22  any expectation of receiving a sentence within the calculated

23  Sentencing Guidelines range, and that after considering the

24  Sentencing Guidelines and the other § 3553(a) factors, the Court will

25  be free to exercise its discretion to impose any sentence it finds

26  appropriate between the mandatory minimum and the maximum set by

27  statute for the crime of conviction.

28

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level: 34 U.S.S.G. § 2D1.1(a)(5), (c)(3)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

1       d.   The right to be presumed innocent and to have the

2  burden of proof placed on the government to prove defendant guilty

3  beyond a reasonable doubt.

4       e.   The right to confront and cross-examine witnesses

5  against defendant.

6       f.   The right to testify and to present evidence in

7  opposition to the charges, including the right to compel the

8  attendance of witnesses to testify.

9       g.   The right not to be compelled to testify, and, if

10  defendant chose not to testify or present evidence, to have that

11  choice not be used against defendant.

12       h.   Any and all rights to pursue any affirmative defenses,

13  Fourth Amendment or Fifth Amendment claims, and other pretrial

14  motions that have been filed or could be filed.

15                    WAIVER OF APPEAL OF CONVICTION

16       18.   Defendant understands that, with the exception of an appeal

17  based on a claim that defendant's guilty plea was involuntary, by

18  pleading guilty defendant is waiving and giving up any right to

19  appeal defendant's conviction on the offense to which defendant is

20  pleading guilty.  Defendant understands that this waiver includes,

21  but is not limited to, arguments that the statute to which defendant

22  is pleading guilty is unconstitutional, and any and all claims that

23  the statement of facts provided herein is insufficient to support

24  defendant's plea of guilty.

25              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

26       19.   Defendant agrees that, provided the Court imposes a total

27  term of imprisonment on the count of conviction within or below the

28  range corresponding to an offense level of 34 and the criminal

1   history calculated by the Court, defendant gives up the right to

2   appeal all of the following: (a) the procedures and calculations used

3   to determine and impose any portion of the sentence; (b) the term of

4   imprisonment imposed by the Court; (c) the fine imposed by the court,

5   provided it is within the statutory maximum; (d) the

6   constitutionality or legality of defendant's sentence, provided it is

7   within the statutory maximum; (e) the term of probation or supervised

8   release imposed by the Court, provided it is within the statutory

9   maximum; and (f) any of the following conditions of probation or

10  supervised release imposed by the Court: the conditions set forth in

11  General Orders 318, 01-05, and/or 05-02 of this Court; the drug

12  testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);

13  and the alcohol and drug use conditions authorized by 18 U.S.C.

14  § 3563(b)(7).

15      20.  The USAO agrees that, provided (a) all portions of the

16  sentence are at or above the statutory minimum and at or below the

17  statutory maximum specified above and (b) the Court imposes a term of

18  imprisonment within or above the range corresponding to an offense

19  level of 31 and the criminal history category calculated by the

20  Court, the USAO gives up its right to appeal any portion of the

21  sentence.

22                  RESULT OF WITHDRAWAL OF GUILTY PLEA

23      21.  Defendant agrees that if, after entering a guilty plea

24  pursuant to this agreement, defendant seeks to withdraw and succeeds

25  in withdrawing defendant's guilty plea on any basis other than a

26  claim and finding that entry into this plea agreement was

27  involuntary, then the USAO will be relieved of all of its obligations

28  under this agreement.

1  EFFECTIVE DATE OF AGREEMENT

2      22.   This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5  BREACH OF AGREEMENT

6      23.   Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered a guilty plea pursuant to this agreement, defendant will not

18  be able to withdraw the guilty plea, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20  COURT AND PROBATION OFFICE NOT PARTIES

21      24.   Defendant understands that the Court and the United States

22  Probation Office are not parties to this agreement and need not

23  accept any of the USAO's sentencing recommendations or the parties'

24  agreements to facts or sentencing factors.

25      25.   Defendant understands that both defendant and the USAO are

26  free to: (a) supplement the facts by supplying relevant information

27  to the United States Probation Office and the Court, (b) correct any

28  and all factual misstatements relating to the Court's Sentencing

Guidelines calculations and determination of sentence, and (c) argue

on appeal and collateral review that the Court's Sentencing

Guidelines calculations and the sentence it chooses to impose are not

error, although each party agrees to maintain its view that the

calculations in paragraph 14 are consistent with the facts of this

case.  While this paragraph permits both the USAO and defendant to

submit full and complete factual information to the United States

Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement,

this paragraph does not affect defendant's and the USAO's obligations

not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any

sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant

understands that no one -- not the prosecutor, defendant's attorney,

or the Court -- can make a binding prediction or promise regarding

the sentence defendant will receive, except that it will be between

the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein,

there are no promises, understandings, or agreements between the USAO

and defendant or defendant's attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a

writing signed by all parties or on the record in court.

//

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   NICOLA T. HANNA
    United States Attorney

9

10  _____          11/03/2018
    SYLVIA R. EWALD                          _____
11  Assistant United States Attorney         Date

12  _____          11/02/2018
    YANNICK MAI,                             _____
13  Defendant                                Date

14  _____          11-2-2018
    MICHAEL DEVEREUX                         _____
15  Attorney for Defendant YANNICK MAI       Date

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATION OF DEFENDANT</u>

2       This agreement has been read to me in French, the language I

3   understand best.   I have had enough time to review and consider this

4   agreement, and I have carefully and thoroughly discussed every part

5   of it with my attorney.   I understand the terms of this agreement,

6   and I voluntarily agree to those terms.   I have discussed the

7   evidence with my attorney, and my attorney has advised me of my

8   rights, of possible pretrial motions that might be filed, of possible

9   defenses that might be asserted either prior to or at trial, of the

10  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

11  Sentencing Guidelines provisions, and of the consequences of entering

12  into this agreement.   No promises, inducements, or representations of

13  any kind have been made to me other than those contained in this

14  agreement.   No one has threatened or forced me in any way to enter

15  into this agreement.   I am satisfied with the representation of my

16  attorney in this matter, and I am pleading guilty because I am guilty

17  of the charge and wish to take advantage of the promises set forth in

18  this agreement, and not for any other reason.

19

20  _____          ____11_/_02_/_2018_____
    YANNICK MAI                              Date
    Defendant

21

22

23

24

25

26

27

28

1

CERTIFICATION OF INTERPRETER

2    I, Julie Drucker , am fluent in the written and spoken

3  English and French languages.  I accurately translated this entire

4  agreement from English into French to defendant YANNICK MAI on this

5  date.

6

7  _____          11/2/18
   INTERPRETER                              _____
                                            Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1            CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am YANNICK MAI's attorney.  I have carefully and thoroughly

3   discussed every part of this agreement with my client.  Further, I

4   have fully advised my client of his rights, of possible pretrial

5   motions that might be filed, of possible defenses that might be

6   asserted either prior to or at trial, of the sentencing factors set

7   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is informed and voluntary; and the factual basis set forth

14  in this agreement is sufficient to support my client's entry of a

15  guilty plea pursuant to this agreement.

16  _____          11-2-2018

17  MICHAEL DEVEREUX                          _____
    Attorney for Defendant YANNICK MAI        Date

18

19

20

21

22

23

24

25

26

27

28