MICHAEL S. DEVEREUX, SBN 225240
WEX LAW
1000 WILSHIRE BOULEVARD, SUITE 2150
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 986-9844
FACSIMILE: (213) 342-6190

**Attorneys for Defendant, YANNICK MAI**

UNITED STATES DISTRICT COURT

FOR CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>YANNICK MAI,<br><br>Defendants. | CASE NO.: CR 17-00423-AB<br><br>**SENTENCING MEMORANDUM OF YANNICK MAI**<br><br>Sent Date: April 26, 2019<br>Sent Time: 1:30 pm<br><br>Hon. Andre Birotte, Jr. |

Defendant YANNICK MAI (Mr. Mai), by and through his counsel, Michael S. Devereux, respectfully requests that this Honorable Court sentence Mr. Mai to a sentence of similar to his co-defendants, which is sufficient but not greater than necessary to effectuate the purposes of sentencing enumerated in 18 U.S.C. §3553(a)(2) and, if appropriate, grant downward departures based upon the following contentions: (1) Mr. Mai is safety-valve eligible; and (2) Mr. Mai's

participation militates for a departure based upon minimal role / minor role as a courier / mule as were his co-defendants. In addition, Mr. Mai respectfully requests the opportunity to present additional comments relevant to his position through counsel at the time of sentencing.

DATED: April 22, 2019     By:     /s/ Michael S. Devereux
                                          MICHAEL S. DEVEREUX
                                          Attorney for Defendants
                                          YANNICK MAI

WEX LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant YANNICK MAI ("Mr. Mai") attempted to smuggle methamphetamine through Los Angeles International Airport ("LAX") to Tahiti. As a result of this conduct, defendant pleaded guilty pursuant to a plea agreement to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). (Plea Agreement (Dkt. 69); Minutes of Change of Plea Hearing (Dkt. 71).)

The United States Probation and Pretrial Services Office ("Probation Office") has filed its Presentence Investigation Report ("PSR"), in which it provides that defendant is subject to a ten-year mandatory minimum sentence and sets out the following Guidelines calculations: a total offense level of 35, a criminal history category of I, and, accordingly, a Guidelines imprisonment range of 168 to 210 months. (PSR ¶¶ 77-78.) The Probation Office also filed a letter in which it recommends a sentence of imprisonment of 120 months. (Dkt. 72.)

The Government has filed its sentencing memorandum in which it recommends an offense level of 29 with a guideline range of 87 to 108 months.

## II. STATEMENT OF FACTS

On June 10, 2017, Mr. Mai was caught attempting to smuggle methamphetamine through security at LAX, intending to transport the methamphetamine to Tahiti, where it would be distributed to the ringleaders. (PSR

3

¶ 11.) Defendant was traveling with two other people, his daughter TEHEA MAI and an acquaintance named GHISLAINE TAOAHERE COUPEL-GERMAIN.

Both TEHEA MAI and COUPEL-GERMAIN also attempted to smuggle methamphetamine through security and onto the plane to Tahiti. (PSR ¶¶ 12-13.) Laboratory analysis of the methamphetamine defendant was carrying determined that the methamphetamine consisted of 1382 grams of actual methamphetamine. (PSR ¶ 16; see also Plea Agreement (Dkt. 69).)

On January 18, 2019, this Court sentenced COUPEL-GERMAIN to 21 months with credit for time served.

On December 17, 2019, this Court sentenced TEHEA MAI to 21 months.

In a similar situated matter, Yan Heiarii Tetuairia, Case No.: CR 17-00581-FMO, in the Central District of California, was another Tahatian that tried to smuggle meth out of the US. He was sentenced to 12 months on 6/15/2018, (Dkt. 42).

**III. LEGAL STANDARD**

An analysis of the relevant facts under 18 U.S.C. §3553(a), pursuant to United States v. Booker, 125 S.Ct. 738 (2005), shows that a prolonged term of incarceration is not required in this case in order to protect the public, deter Mr. DOE from further crimes, or provide for just punishment for this crime. Post Booker, courts may impose a sentence substantially below the guideline range, since the United States Sentencing Guidelines are no longer mandatory, but merely

4

"advisory." Furthermore, courts are required to consider all of the factors listed in 18 U.S.C. §3553(a) in imposing sentence. Booker, 125 S.Ct. 738, 757 (2005). United States v. Carty, 453 F.3d 1214 (9th Cir. 2006) ("We hold only that post-Booker, when imposing a sentence, a district court must provide on the record some articulation of its consideration of the §3553(a) factors and explanation of the reasons underlying its sentence selection.")

Booker, then, has reshaped sentencing in at least three ways:

(1) It instructs a court to impose a sentence that is "sufficient, *but not greater than necessary*" (emphasis added) to comply with the various purposes of sentencing;

(2) In arriving at an appropriate sentence, courts shall consider certain additional factors as well, including: the nature and circumstances of the offense, §3553(a)(1); the history and characteristics of the defendant, §3553(a)(2); the kinds of sentences available, §3553(a)(3); the sentencing guideline range, §3553(a)(4); pertinent Sentencing Commission policy statements, §3553(a)(5); the need to avoid unwarranted sentencing disparities, §3553(a)(6); and the need to provide restitution to any victims of the offense, §3553(a)(7).

(3) A sentencing court should not uncritically apply a Guideline sentencing range as presumptively correct as it carries no greater weight than any factor under §3553(a). *United States v. Zavala*, 443 F.3d 1165, 1171 (9th Cir. 2006) ("In short, Booker has resuscitated that much-lamented discretion that the sentencing statute

5

seemed to take away from district courts, and has at least partially restored that halcyon condition that district judges have longed for these many years. District courts neither should, nor can, ignore that by placing undue weight on the Guideline portion of the sentencing chemistry. They must properly use the Guideline as advisory and start there, but they must not accord it greater weight than they accord the other §3553(a) factors. Rather, they must consider all of the information before them, as they used to do, and then reach for the correct sentence under all the circumstances.")

Moreover, as Booker emphasized, under the Sentencing Reform Act, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court...may receive and consider for the purpose of imposing sentence." Booker, 125 S.Ct. at 760 (quoting 18 U.S.C. §3661). Accordingly, this court may consider factors which the Guidelines traditionally have discouraged, limited or rejected.

**IV. MINOR PARTICIPANT**

§3B1.2. Mitigating Role Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

6

In cases falling between (a) and (b), decrease by 3 levels.

Amendment 794 makes clear that a district court should consider all of the factors set forth in the Amendment when analyzing whether or not to grant a minor / minimal role. *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). "Once the court has considered all the factors, however, it may grant or deny a reduction even if some of the factors weigh toward the opposite result. A district court, therefore, may grant a minor role reduction even if some of the factors weigh against doing so…." *Id.* [1]

---

[1] 18 USSG 3B1.2 Application Notes

3.(C) Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whetherto apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the

(continued...)

Here, there is no question that Mr. Mai was not a key player in this case. He exhibited an utter lack of sophistication by carrying the substance taped inside his groin as though it wasn't going to be noticeable. He made no sophisticated effort to conceal the fact that he was carrying methamphetamine while the leaders of the enterprised waited safely back home for the contraband.

## V. CONCLUSION

For an offender such as Mr. Mai, who has no criminal history, the requested 87-month sentence would result in considerable hardship. Mr.Mai has expressed

---

(...continued)
criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

8

deep remorse and shame. He has never before been separated from his wife and family for any appreciable length of time.

It is respectfully suggested that in light of Mr. Mai's safety-valve, his rehabilitation/classes while being incarcerated, the need to support himself and his household, and the danger that long-term imprisonment could end his marriage, a sentence of the others similarly situated of less than 24 months, is "sufficient, but not greater than necessary" to achieve the purposes of sentencing enumerated in §3553.

DATED:  April 22, 2019        By:     /s/ Michael S. Devereux
                                                          MICHAEL S. DEVEREUX
                                                          Attorney for Defendants
                                                          YANNICK MAI

WEX LAW